UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL R.,

               Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. 3:22-cv-05358-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB"). Plaintiff's date last insured was June 30, 2019. AR 1272. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 4. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

Plaintiff has been through the appeal process three times. AR 1274 (ALJ decision dated 1-19-2022); AR 1342 (Opinion of the U.S. Court of Appeals for the Ninth Circuit, dated 8-10-2021, vacating and remanding the decision of the Hon. Mary Alice Theiler, U.S. Magistrate Judge); AR 857-878 (Order of the Hon. David W. Christel, U.S. Magistrate Judge, dated 11-13-2018, reversing and remanding).

1

The scope of review for the current appeal is the period between plaintiff's alleged onset date – July 10, 2015, through May 23, 2019; ALJ Johnson found plaintiff met the criteria for disability because his age category changed when he attained age 54 – May 24, 2019. AR 1268, 1283. The ALJ found that plaintiff had the following severe impairments: left ankle arthritis with flat feet, depression, anxiety, posttraumatic stress disorder (PTSD). AR 1272.

The ALJ found that, despite these impairments, plaintiff had the following residual functional capacity (RFC) during the relevant period:

> "light work. . . except that he requires the flexibility to alternate between sitting and standing as needed throughout the day in order to remain comfortable. He can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can tolerate occasional exposure to extreme cold and vibration. He can tolerate no exposure to hazards such as unprotected heights and moving mechanical machinery. He can understand, remember, and carry out simple, routine tasks in a routine work setting involving no more than occasional workplace changes. He can never perform rapid pace assembly line work."

AR 1275-1276. Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*

The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

1. **Medical evidence.**

Under the applicable regulations, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

An examining physician's opinion is "entitled to greater weight than the opinion of a non-examining physician." *Lester v. Chater*, at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester,* 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (citation omitted). "In order to discount the opinion of an examining physician in favor of the opinion of a non-examining medical advisor, the ALJ must set forth specific, legitimate reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (citing *Lester,* 81 F.3d at 831).

The ALJ found that the evaluations and opinions of the Veteran's Administration experts were vague, and not directed toward an assessment of work-related limitations. AR 1287-1288.

In this case, Dr. Bethany Franklin-Comb, Ph. D. examined plaintiff on December 4, 2015. AR 586. Dr. Franklin-Comb diagnosed plaintiff with Post-Traumatic Stress Disorder, Panic Disorder, and Major Depressive Disorder. AR 577. The PTSD and Panic Disorder were connected to his experience with traumatic explosions and witnessing death in 2006-2007 while deployed to Iraq. AR 578, 582. Dr. Franklin-Comb identified the following work-related limitations: (1) difficulty adapting to stressful circumstances including work, or a work-like setting; (2) "[o]ccupational and social impairment with occasional decrease in efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation.". AR 584-585.

Dr. Daniel Scharf examined plaintiff on June 1, 2018. AR 1198. Dr. Scharf provided a similar opinion to Dr. Franklin-Comb. AR 1199, 1208. Dr. Scharf opined that "[m]ost of the veteran's occupational and social impairment is due to PTSD which causes his depression." AR 1199. Dr. Scharf noted that plaintiff had been prescribed "duloxetine, trazodone, and zolpidem through the VA" and that plaintiff stated the medication was "somewhat helpful." AR 1200.[1]

Plaintiff argues that Dr. Franklin-Comb's assessment supports plaintiff's testimony, but plaintiff does not independently argue that the ALJ erred by discounting

---

[1] As plaintiff acknowledges, the record does not include any other medical opinions that make statements about work-related limitations. The other medical opinions are therefore not discussed in this portion of the Court's decision.

4

Dr. Franklin-Comb's opinions as being general, and not specific as to the impact of work-related limitations. Dkt. 16 at 5. Because plaintiff does not specifically argue how the ALJ erred in discounting this medical opinion, plaintiff has failed to demonstrate harmful error. *Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 692, n. 2 (9th Cir. 2009); *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). Likewise, plaintiff describes Dr. Scharf's findings, but does not independently argue how the ALJ erred by discounting those opinions as being general. Dkt. 16 at 8.

The ALJ's reasons for discounting the Veteran's Administration assessments meets either standard – clear and convincing, or specific and legitimate – and are supported by substantial evidence in the record. The assessments are general, vague, and there are no specific elements of work-related limitations addressed in the expert opinions. *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019). The ALJ reasonably relied on the more detailed analysis of the non-examining psychologist, Dr. Ju. AR 1281, citing AR 158-159, 162-164 (opinion of Dr. Winifred C Ju, Ph. D., dated 2-13-2017). Dr. Ju's opinion does not directly contradict the expert reports of the V.A. doctors; but Dr. Ju's opinion points to particular medical records and provides more explanation. The ALJ is responsible for considering the different opinions and resolving conflicts. *Ford v. Saul,* 950 F.3d 1141, 1149 (9th Cir. 2020). Plaintiff fails to establish any error.

**2. Plaintiff's statements regarding symptoms and work-related limitations**

Plaintiff contends the ALJ erred by reciting medical evidence and finding plaintiff had "mostly routine and conservative mental health treatment"; and the ALJ erred by finding plaintiff made "some progress with mental health treatment"; plaintiff contends

the ALJ fails to explain how the medical evidence contradicts plaintiff's statements about symptoms and work-related limitations. Dkt. 16 at 11.

Plaintiff also contends the ALJ erred by relying on plaintiff's activities as a reason for finding plaintiff's statements about symptoms to be not credible. *Id.* at 13.

Defendant argues that the ALJ properly found plaintiff's testimony to be not credible, because it was inconsistent with medical evidence; his treatment was conservative and led to an improvement in functioning; he previously made admissions that he was able to go out in public, care for his children and take them to activities, and able to do housework and yard work. Dkt. 25 at 3-10.

An ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991) (en banc); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

"When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi,* 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original). Treatment records cannot be cherry-picked; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d at 1164.

An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). For daily activities to be relevant as to transferrable work skills, the record must show the plaintiff is able to spend a substantial part of their day engaged in pursuits that involve functions transferable to a work setting. *Id.*

In this case, plaintiff stated (AR 266-311 – form is undated – AR 305 – but in the context of the surrounding documentation, it appears to have been filled out 10-16-2016) he had panic attacks about every other week and each attack would be approximately one to two hours. AR 297. He previously enjoyed many activities but stated "I only play solo video games" but can, once or twice a month, get together with friends or spend time with children and spouse. AR 301. During the 2022 hearing, plaintiff testified that between 2015-2019, at times, he was completely homebound and would not leave the house for more than a week. Dkt. 15, supp. AR 1552-1553. He attended church about once or twice per month during this period. *Id.* at 1554. He participated in volunteer work at Skyview Baptist for one hour twice per week, in 2013 – this was the time when he taught karate (not during the period in question). *Id.* at 1547.

In a prior decision in this case, the Court determined the ALJ erred by not having clear and convincing reasons supported by substantial evidence for rejecting plaintiff's statements about symptoms and limitations. AR 863, 865-873. This opinion did not address the specific facts plaintiff points to in the ALJ's decision, and therefore the law of the case doctrine does not operate to restrict the scope of review. *See, Stacy v. Colvin,* 825 F.3d 563, 567 (9th Cir. 2016) (new evidence was presented during ALJ hearing on remand – law of the case doctrine did not apply to the decision based on this new evidence).

The longitudinal medical record supports some of the plaintiff's assertions about his mental health symptoms.[2] See discussion above, re: Dr. Scharf, and Dr. Franklin-Comb; see also, AR 762-763 (mental health treatment notes, Dr. Annette Matthews, psychiatrist, re: medications and panic attacks, 3-22-2017); AR 1503, 1506 (treatment notes, Shannon L. Smith, dated 4-11-2019, plaintiff going out some with family but "easily overwhelmed") 1519-1528 (assessment by Clinical Psychologist Trisha Vinatieri, 2-21-2019).

However, the ALJ properly determined that plaintiff made contradictory statements about whether, given his mental conditions and symptoms, he was able to do certain activities, and this is a clear and convincing reason to discount plaintiff's testimony about the severity of symptoms and work-related limitations. For example, in 2016, plaintiff stated that he was "getting out of the house at least once a day". AR 437. Also, plaintiff told treating providers that he was able to spend time caring for his

---

[2] The medical records concerning plaintiff's physical symptoms do not describe work-related limitations, and plaintiff has not argued specifically concerning any of the expert opinions about physical conditions.

children and taking them to activities, AR 1108; but he also claimed, "he was rarely able to take care of his children . . ." AR 298. In addition, plaintiff admitted to treating providers he could clean up his garage and get some other projects done around the house. AR 491, 1099. His treating providers noted he had no problems managing personal care needs (AR 540, 1102, 1202, 1503, 1507), but plaintiff asserted he had difficult managing his own self-care (AR 1275).

Harmless error

      An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient, and the error is not harmless. *Id; Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

      Here the ALJ provided a legally valid reason, supported by substantial evidence, for discounting plaintiff's credibility. Therefore, plaintiff has not established harmful error on this point, because one clear and convincing reason is sufficient to support the ALJ's decision. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195-97 (9th Cir. 2004).

**3. Lay witness evidence**

      Plaintiff contends that the ALJ erred by failing to give germane reasons for discounting his spouse's statements (AR 281-296) and argues they should have been given more weight. Dkt. 16 at 14-17.

The Commissioner responds that plaintiff's spouse provided statements that were similar to the plaintiff's assertions about symptoms and limitations, and the ALJ properly rejected both plaintiff's and his spouse's statements for the same reasons. Dkt. 25 at 10-11.

When evaluating opinions from non-acceptable medical sources such as a therapist or a family member, an ALJ may expressly disregard such lay testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). And where an ALJ has provided clear and convincing reasons to discount a claimant's testimony, those reasons are germane reasons for rejecting similar lay witness testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Lewis v. Apfel,* 236 F.3d 503, 512 (9th Cir. 2001). The ALJ also may "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

In this case, the ALJ gave plaintiff's spouse's report "little weight as opinion evidence" and determined that her report was inconsistent with medical evidence, and inconsistent with plaintiff's reports of activities. AR 1281.

Plaintiff's spouse provided a function report concerning her husband's symptoms and limitations. AR 281-296 (statement dated 10-16-2016). She stated that plaintiff "will sometimes look after the kids for few hours when I really needed to do errands and

when he can." AR 282. She also stated that plaintiff could not do chores anymore, because of his mental health conditions. AR 283. She stated that she constantly would need to remind him of what to do and give detailed instructions. AR 283. He was not capable of doing any yard work or housework – because he could not "do it safely with his sleep schedule and medication on daily basis." *Id.* She also stated that plaintiff rarely went outside, because of panic attacks, anxiety, and forgetfulness – he went out about once per week; he did not drive very often because of concerns about medication side effects. AR 283-284. She described unusual behavior or fears: "[h]is behavior with his prescriptions is unpredictable daily. He easily gets furious in simple things". AR 287. She listed many side-effects of medications taken by plaintiff. AR 287.

The ALJ provided a germane reason to discount statements by plaintiff's spouse. Her statement repeats much of the testimony and information provided by plaintiff, see Dkt. 7, AR 266-311; Dkt. 15, supp. AR 1547-155, with respect to severity of symptoms and work-related limitations, and was therefore properly rejected on the same basis the ALJ gave for finding plaintiff's statements to be not credible. The objective medical evidence, although somewhat supportive of her description of plaintiff's symptoms, is general, and not specific as to work-related limitations. The ALJ did not err by giving her statements little weight.

**CONCLUSION**

Based on the foregoing discussion, the ALJ's decision is affirmed.

Dated this 24th day of July, 2023.

Theresa L. Fricke
United States Magistrate Judge